UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENDAL ARTHUR BURGE,
    Petitioner,

vs.                                                Case No.: 5:21cv206/TKW/EMT

RON DESANTIS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Petitioner Kendal Arthur Burge (Burge) filed this § 2241 action challenging Respondent Governor Desantis' denial of his request for executive clemency (ECF No. 1). Burge seeks a declaratory judgment that he was arbitrarily denied access to Florida's clemency process in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment (*id.* at 8).[1] Burge also seeks "the option to withdraw his application for clemency" (*id.*).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). Upon consideration of the petition, it is apparent that this case should

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system.

be summarily dismissed because Burge's claims are cognizable only under 42 U.S.C. § 1983.

I.  BACKGROUND

Burge is an inmate of the Florida Department of Corrections (FDOC) currently confined at Graceville Correctional Facility (*see* ECF No. 1 at 1). Burge states he is serving a sentence imposed in the Circuit Court in and for Lee County, Florida, on December 6, 1990, for convictions of first degree murder and robbery with a deadly weapon (*id.*; *see also* ECF No. 1-2 at 4 (attached "Petition for All Writs" filed in state court)). Burge alleges Governor Desantis has a "blanket policy" of denying clemency to defendants convicted of murder and felony sex offenses, without considering the particular circumstances of the defendant or the case (ECF No. 1 at 6–7). Burge contends this policy violates the Eighth and Fourteenth Amendments (*id.* at 7–8).

In support of his claims, Burge filed a copy of a letter from the State of Florida Office of Executive Clemency stating:

> On March 10, 2021, the Governor exercised his clemency powers to deny the pending clemency applications of all murderers and felony sex offenders. Accordingly, the Governor has denied your clemency request and your application for Request for Review/Commutation of Sentence has been closed.

> Under the current Rules of Executive Clemency, you will be eligible to reapply for clemency on March 10, 2026, five years from the date of the denial.
>
> There is no appeal process for the denial of a clemency request.

(ECF No. 1-2 at 10).

Burge filed a "Petition for All Writs" in the Florida First District Court of Appeal (First DCA), seeking an order directing Governor Desantis to "scrap" his "blanket policy" of denying all clemency applications filed by murderers and sex offenders (*see* ECF No. 1-2 at 3–8 (attached state petition)). The First DCA denied Burge's petition on July 30, 2021 (*see id.* at 12 (First DCA decision)). *Burge v. Desantis*, No. 1D21-1852, 2021 WL 3233878, at *1 (Fla. 1st DCA July 30, 2021) (Table).

II. DISCUSSION

The habeas statute authorizes summary dismissal of a petition if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "An inmate convicted and sentenced under state law may seek federal relief under two primary avenues: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (internal quotation marks and citation omitted). "Challenges to the validity of any confinement or to particulars affecting its duration

are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Hutcherson*, 468 U.S. at 754. "[T]hese avenues are *mutually exclusive*: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Hutcherson*, 468 U.S. at 754 (emphasis added). "The converse is equally true, and the district court should dismiss a habeas petition raising a claim available under § 1983." *Kerlin v. Barnard*, 742 F. App'x 488, 489 (11th Cir. 2018) (unpublished but cited as persuasive authority); *see also McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013) (dismissing death-sentenced prisoner's habeas claim challenging the method of his execution, because the claim was not an attack on the validity of his conviction or sentence but instead a challenge to a circumstance of his confinement; rejecting prisoner's argument that the claim was cognizable on habeas review because it challenged the execution of his sentence).

In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court held that multiple prisoners' challenges to parole procedures were cognizable under § 1983, not habeas. *Id.* at 82. The Court reasoned that a habeas petition is not the

appropriate avenue when success in the suit "*would not necessarily* spell immediate or speedier release for the prisoner." *Id.* at 81 (emphasis in original).

Although Burge filed this action as a habeas corpus proceeding under 28 U.S.C. § 2241, his constitutional challenges to the denial of his request for clemency are collateral to his conviction and sentence and, thus, are not cognizable in a habeas proceeding and may only be brought under § 1983.[2]  *See Valle v. Sec'y, Fla. Dep't of Corr.*, 654 F.3d 1266, 1267 (11th Cir. 2011) (holding that petitioner's constitutional claims concerning clemency procedures were collateral to his conviction and sentence and, thus, were not cognizable in a § 2254 proceeding and could only be brought under § 1983); *Hutcherson*, 468 F.3d at 754.  Success on Burge's claims would not necessarily affect his release; it would only entitle him to reconsideration (or withdrawal) of his request for clemency.   Indeed, the cases cited by Burge in support of his claims are § 1983 actions.[3]  Accordingly, this habeas action should be dismissed.  *See Valle, supra; see also*, *e.g.*, *Kerlin*, 742 F. App'x

---

[2] The court is aware that in a very limited circumstance, the Eleventh Circuit has held that a defendant's challenges to the clemency process must be construed as a request for habeas relief, specifically, where a death row inmate seeks an immediate stay of the imposition of his death sentence (i.e., his execution).  *See Spivey v. State Bd. of Pardons and Paroles*, 279 F.3d 1301 (11th Cir. 2002); *Gilreath v. State Bd. of Pardons and Paroles*, 273 F.3d 932 (11th Cir. 2001). Burge does not assert he is a death row inmate seeking an immediate stay of a death sentence.

[3] Burge cites *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272 (1998), *Gissendaner v. Comm'r. Ga. Dep't of Corr.*, 794 F.3d 1327 (11th Cir. 2015), and *Banks v. Sec'y*, 592 F. App'x 771 (11th Cir. 2014) (*see* ECF No. 1–3).   All of those cases are civil rights cases.

at 489 (affirming dismissal of § 2241 habeas petition brought by state inmate claiming state officials unconstitutionally refused to consider whether he was eligible for parole; inmate's parole claim could be asserted under § 1983, and, therefore, could not be brought in a habeas petition). If Burge wishes to pursue his constitutional challenges to Governor Desantis' denial of his request for clemency, Burge must file a § 1983 action.

### III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a).[4] A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the

---

[4] Although Burge filed his habeas petition under § 2241, it is subject to § 2254 and all of its attendant restrictions. *See Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004).

only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation, the objecting party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this habeas action be **DISMISSED without prejudice**.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 4th day of November 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 5:21cv206/TKW/EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **<u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>**.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.